UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SANDRA STITTUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:03CV531 CDP |
| | ) |
| WYETH, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This case is before me on two motions. Dr. John Daniels asks me to certify his dismissal as final and appealable under Federal Rule of Civil Procedure 54(b). The remaining parties ask that I remove the case from the trial docket and give them at least 90 days to submit settlement papers. I will grant both motions.

**I.     Background**

Plaintiff Sandra Stittum brought this suit regarding the diet drug Pondimin in Missouri state court against Wyeth, the manufacturer of the diet drug, and Dr. John Daniels, the doctor in a weight loss clinic who prescribed her the drug. Wyeth removed the case to this Court alleging that Dr. Daniels was fraudulently joined to defeat diversity jurisdiction. I denied remand of the case, finding no reasonable basis in law or fact supporting Stittum's claims against Dr. Daniels. The case was then transferred to the multidistrict litigation ("MDL") court handling the diet drugs

products liability litigation, the U.S. District Court for the Eastern District of Pennsylvania. The MDL court dismissed the claims against Dr. Daniels, finding that he had been fraudulently joined.

Following dismissal from this case, Dr. Daniels filed suit against Stittum and others for malicious prosecution, abuse of process, and conspiracy in Missouri state court. On cross-motions for summary judgment in the state suit, Stittum and the other defendants argued that Dr. Daniels could not satisfy the elements of his claims because there has been no final adjudication of this suit. The state court agreed, held that Dr. Daniels' claims were premature and dismissed his case without prejudice. The state court then set aside the order of dismissal pending briefing and argument from the parties on a motion for reconsideration filed by Dr. Daniels.

Dr. Daniels asks that I certify his dismissal as a final judgment. Plaintiff opposed that motion, arguing, among other things, that this suit would be resolved shortly because of the upcoming trial setting, and that certification would open the floodgate to hundreds of such requests. After making those arguments, plaintiffs asked that I postpone all matters in this case for at least 90 days so they can finalize their settlement.

## II. Legal Standards

The Federal Rules allow a court to enter final judgment upon fewer than all

claims in a suit when there is 'no just reason for delay':

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b). When deciding whether there is any 'just reason for delay' under 54(b), "a district court must take into account judicial administrative interests as well as the equities involved." Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8 (1980). The decision is left to the "sound judicial discretion of the district court." Id. However, the court should be mindful of the "historic federal policy against piecemeal appeals." Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956).

Factors that are relevant in considering whether to certify a judgment as final under 54(b) include:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Hayden v. McDonald, 719 F.2d 266, 269 (8th Cir. 1983) (citing Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360, 364 (3d Cir. 1975)).  Whether each factor applies depends on the facts of the specific case.

Additionally, to grant relief there should be "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Id. at 268 (quoting Brunswick Corp. v. Sheridan, 582 F.2d 175, 183 (2d Cir. 1978)).  "A Rule 54(b) determination should not be made routinely; it is only the 'special case' that warrants an immediate appeal from a partial resolution of the lawsuit." Interstate Power Co. v. Kansas City Power & Light Co., 992 F.2d 804, 806-07 (8th Cir. 1993) (quoting Hardie v. Cotter & Co., 819 F.2d 181, 182 (8th Cir. 1987)).

**III.   Discussion**

Dr. Daniels argues that there is no just reason for delay in directing a final judgment because the equities of the situation weigh in favor of finality and the circumstances of the state court suit make delaying finality unfair.  Stittum contends that the equities weigh against certification because this is not a 'special' case where certification would be appropriate, because trial in this case is scheduled for July 2006, because certifying this dismissal would lead to hundreds of premature appeals in numerous other diet drug cases with dismissed physicians, and because Dr. Daniels cannot show that he would suffer hardship or injustice from a denial of

certification. I disagree.

Considering Rule 54(b) certification in light of the factors listed above, I find that the adjudicated and unadjudicated claims involve separate issues of law. An appeal of Stittum's claims against Dr. Daniels would invoke the question of whether he was fraudulently joined to this case. This question turns on the Missouri statute of limitations and whether exceptions to that statute apply here. However, an appeal of Stittum's claims against Wyeth would invoke questions of products liability. Because the legal issues are distinctly separate, and because the remainder of the suit has now been settled, there is no reason to fear piecemeal litigation. There is no concern here that the appellate court would have to consider the same issue a second time.

I am equally unpersuaded by Stittum's argument that certification here would "thwart judicial administration throughout the nation." Dr. Daniels' state court suit is an unusual case. I have no reason to believe that doctors dismissed from products liability suits across the nation are seeking certification of their dismissals because they have instituted malicious prosecution suits in which the defendants are using a lack of finality argument against them. Stittum has sworn through affidavit of counsel to the state court of her intent to appeal Dr. Daniels's dismissal from this case and she has commented on the 'wait' and 'lengthy' litigation. Now both

parties can proceed without delay.

"Rule 54(b) was originally enacted to avoid the possible injustice that might result if judgment of a distinctly separate claim were delayed until adjudication of the entire case." Page v. Preisser, 585 F.2d 336, 339 (8th Cir. 1978) (citing Advisory Committee on Rules for Civil Procedure (1946), reprinted in 5 F.R.D. 472 (1946)). Such is the case here. I find that there is no just reason for delay and that the equities involved in this situation weigh in favor of certifying Dr. Daniels's dismissal from this suit as a final judgment.

Accordingly,

**IT IS HEREBY ORDERED** that dismissed defendant Dr. John Daniels's motion to certify dismissal as final and appealable under Rule 54(b) [#44] is granted. I will enter a separate final judgment this same date.

**IT IS FURTHER ORDERED** that the remaining parties' joint motion for continuance [#50] is granted, and this case is removed from the July 24, 2006, trial docket.

**IT IS FURTHER ORDERED** that counsel for the remaining parties shall file, within ninety (90) days of the date of this order, a stipulation for dismissal, a motion for leave to voluntarily dismiss, or a proposed consent judgment. Failure to

timely comply with this order shall result in the dismissal of this action with prejudice.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of May, 2006.